UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELVIN RAYMOND BILLIOT                         CIVIL ACTION

VERSUS                                         NUMBER: 12-00648

CORRECT CARE HEALTH OF                         SECTION: "I"(5)
MED. AREA AT J.P.C.C., ET AL.


**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Melvin Raymond Billiot, against defendants, Correct Health Care of the medical area at the Jefferson Parish Correctional Center ("JPCC") and its supervisor, Jean Lovette. (Complt. at pp. 1, 5).

Plaintiff, a pre-trial detainee at JPCC, alleges that he has been discriminated against in that, like all other pre-trial detainees and convicted prisoners, he is required to make co-payments toward the medical care and prescription medications he has received at the jail as funds become available in his inmate account. (Complt. at p. 6). Plaintiff seeks injunctive relief and compensatory damages. (Id.).

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). See also 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Relying on various authorities, both the undersigned and the District Judge who is assigned to this case have previously determined that medical co-payment policies imposed on prisoners, even pre-trial detainees like plaintiff, is permissible because prisoners enjoy no constitutional right to free medical care. Boyd v. Lasher, 2010 WL 497765 at *1-2 (E.D. La. Feb. 4, 2010)(and authorities cited therein). Like the plaintiff in Boyd, plaintiff does not allege that the defendants were "deliberately indifferent" to his serious medical needs nor does he allege that he has been denied medical care on any occasion because of an inability to make the required co-payment. Id. at p. 2. Moreover, as plaintiff does not allege that he suffered any physical harm or injury as a result

2

of the practice he complains of, he is not entitled to recover damages under §1983 for any purely mental or emotional injuries. <u>Wilkerson v. Champagne</u>, 2003 WL 22872106 at *2 (E.D. La. Nov. 28, 2003)(citing 42 U.S.C. §1997e(e)). For these reasons, it will be recommended that plaintiff's complaint be dismissed pursuant to §1915(e)(2)(B).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 15th day of March, 2012.

*Alma L. Chasez*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE